Barbara J. JACKSON, Petitioner,

v.

OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.

No. 03–3317.

United States Court of Appeals,
Federal Circuit.

DECIDED: July 8, 2004.

Before MICHEL, GAJARSA, and
LINN, Circuit Judges.

PER CURIAM.

Barbara J. Jackson ("Jackson") seeks review of the decision of the Merit Systems Protection Board ("MSPB" or the "Board"), which affirmed the decision of the Office of Personnel Management ("OPM") denying her application for disability retirement under the Federal Employees Retirement System ("FERS"). *Jackson v. Office of Pers. Mgmt.,* No. CH–844E–01–0217–I–1 (M.S.P.B. June 11, 2001) (*Initial Decision*); *Jackson v. Office of Pers. Mgmt.,* No. CH–844E–01–0217–I–1, 94 M.S.P.R. 482 (M.S.P.B. July 14, 2003) (*Final Order*). Because Jackson's sole argument requests this court to engage in a prohibited factual review of the Board's decision, we must *affirm.*

## I. BACKGROUND

Jackson was a Military Pay Supervisor at the Defense Finance and Accounting Service when she filed for disability retirement from her position with OPM. As the basis for her retirement, Jackson cited an extensive list of afflictions, including reflux disease, irritable bowel syndrome, and fibromyalgia. According to Jackson, the symptoms of these conditions included a constant upset stomach, severe pain in the shoulders, neck, and wrists, and an inability to sit, stand, or walk for periods exceeding thirty minutes.

OPM denied Jackson's request for disability retirement. As part of her application, Jackson submitted multiple letters from various doctors. After an extensive review of the evidence submitted by Jackson, OPM explained that, while the records certainly indicate that Jackson suffers to some extent from the conditions stated, the records also indicated that the symptoms were not so severe as to prevent Jackson from performing her essential duties. In light of its findings, OPM denied Jackson's application for disability retirement, as well as her request for reconsideration of that decision.

Jackson appealed OPM's decision to the Merit Systems Protection Board. An ad-

ministrative judge ("AJ") engaged in an even more thorough review of Jackson's case, including review of additional evidence that had not been submitted to OPM. *Initial Decision,* slip op. at 4–16. The AJ concluded that "[t]he record does contain some objective evidence the appellant suffers from several medical conditions but the medical evidence does not show she is so disabled she cannot perform her duties." *Id.* at 17. In addition to the conflicting statements in the letters from her doctor cited in OPM's decision, the AJ also found significant that Jackson continued to report to work until January of 2000, after her medical conditions began causing her pain and discomfort, a period during which she had received an exceptional performance rating and even a performance award. *Id.* The AJ concluded that the evidence failed to establish that Jackson was incapable of useful and effective service, and affirmed OPM's decision. The Board subsequently denied Jackson's petition to review the AJ's decision. *Final Order,* slip op. at 2.

## II. DISCUSSION

Ordinarily, this court reviews decisions of the Board under the standards articulated in 5 U.S.C. § 7703(c), which requires that we uphold actions, findings, or conclusions that are not: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. *Id.* As Jackson has applied for disability retirement under FERS, however, our review of this case is further limited by 5 U.S.C. § 8461(d), which we have interpreted as precluding this court's review of the "factual underpinnings of physical disability determinations...." *Anthony v. Office of Pers. Mgmt.,* 58 F.3d 620, 626 (Fed.Cir. 1995). Despite the statutory prohibition,

we retain the ability to address whether there has been a "substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." *Id.* (quoting *Lindahl v. Office of Pers. Mgmt.,* 470 U.S. 768, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985)).

Jackson has not argued an error in law or a procedural violation. She asserts only that the "MSPB gave little or no weight at all to [Jackson's] uncontroverted medical evidence and testimony." In disputing the Board's weighing of the evidence, Jackson challenges the Board's determination of the factual underpinnings of her case. Under *Anthony,* however, this is an issue beyond our review. 58 F.3d at 626.

## III. CONCLUSION

Because section 8461(d) precludes us from engaging in the factual review that Jackson requests, the Board's opinion is accordingly affirmed.

No costs.